SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Christian Carson,

          Plaintiff,

vs.

Joseph M. Arpaio,

          Defendant.

No. CV 06-2563-PHX-DGC (MEA)

**ORDER**

       Plaintiff Christian Carson, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court dismissed the Complaint with leave to amend (Doc. #3).  On December 8, 2006, Plaintiff filed a First Amended Complaint. The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL-K

1   before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

2   (*en banc*).

3       The Court should not, however, advise the litigant how to cure the defects.  This type

4   of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

5   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

6   whether the court was required to inform a litigant of deficiencies).  Plaintiff's First

7   Amended Complaint will be dismissed for failure to state a claim, with leave to amend

8   because the First Amended Complaint may possibly be saved by amendment.

9   **II.    First Amended Complaint**

10      Plaintiff names Sheriff Joseph M. Arpaio as Defendant.   The First Amended

11  Complaint contains three counts, which challenge the conditions of confinement in the Jail.

12  In Count I, Plaintiff alleges a threat to his safety arising from a violation of the privileges and

13  immunities clause; the right to life, liberty, and the pursuit of happiness; and equal protection.

14  In Count II, Plaintiff alleges a denial of medical care arising from a violation of his right to

15  be free from cruel and unusual punishment.  In Count III, Plaintiff alleges a threat to safety

16  arising from a violation of the right to be free from slavery and involuntary servitude.  For

17  relief, Plaintiff requests damages.

18  **III.   Failure to State a Claim**

19      **A.     Failure to Allege a Proper Constitutional Violation**

20      As the Court previously advised Plaintiff (Doc. #3), a pretrial detainee's claim for

21  unconstitutional conditions of confinement arises from the Due Process Clause rather than

22  from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell v.

23  Wolfish, 441 U.S. 520 (1979).  Nevertheless, the Eighth Amendment provides a minimum

24  standard of care for determining a plaintiff's rights as a pretrial detainee.  Anderson v. Kern,

25  45 F.3d 1310, 1312-13 (9th Cir. 1995) (citing Redman v. County of San Diego, 942 F.2d

26  1435, 1442 (9th Cir. 1991)). To prevail on an unconstitutional conditions claim under an

27  Eighth Amendment standard of care, a plaintiff, whether a pretrial detainee or a convict, must

28

1  show that defendants were "deliberately indifferent" to the alleged constitutional violations.

2  <u>Redman</u>, 942 F.2d at 1443; <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991).

3         With regard to providing pretrial detainees with such basic necessities as food, living

4  space, and medical care, the minimum standard allowed by the Due Process Clause is the

5  same as that allowed by the Eighth Amendment for convicted persons.   <u>Hamm v. Dekalb</u>

6  <u>County</u>, 774 F.2d 1567, 1574 (11th Cir. 1985).  To comply with the Eighth Amendment's

7  prohibition against cruel and unusual punishment, a prison must provide prisoners with

8  "adequate food, clothing, shelter, sanitation, medical care, and personal safety."  <u>Hoptowit</u>

9  <u>v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982).  However, this does not mean that federal courts

10  can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries.

11  <u>See</u> <u>Bell</u>, 441 U.S. at 539 n.21 (noting that a *de minimis* level of imposition does not rise to

12  a constitutional violation).

13        Count I alleges a threat to Plaintiff's safety arising from a violation of the privileges

14  and immunities clause; the right to life, liberty, and the pursuit of happiness; and equal

15  protection.  Count III alleges a threat to safety arising from a violation of the right to be free

16  from slavery and involuntary servitude.  Equal protection requires that "all persons similarly

17  situated shall be treated alike."  <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982).  "The term

18  'involuntary servitude' was intended to cover those forms of compulsory labor  akin  to

19  African slavery. . . ."  <u>Butler v. Perry</u>, 240 U.S. 328, 332 (1916).  The First Amended

20  Complaint does not allege the unequal treatment of persons similarly situated or allege any

21  facts constituting compulsory labor.  As Plaintiff was previously advised, claims challenging

22  the conditions of confinement would be appropriately brought under the Fourteenth

23  Amendment.

24     **B.     Violation of Rule 8**

25        The First Amended Complaint fails to comply with Rule 8 of the Federal Rules of

26  Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure.  Rule 8(a) requires a

27  "short and plain statement of the claim."  Fed. R. Civ. P. 8(a). The Local Rules require that

28  complaints by inmates must be written "on forms approved by the Court and in accordance

1   with the instructions provided with the forms."  LRCiv 3.4.  The court-approved form and

2   instructions, which were provided to Plaintiff, specifically require that a plaintiff raise only

3   one claim per count.

4        Moreover, although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404

5   U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  <u>Ivey</u>

6   <u>v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>Rhodes</u>

7   <u>v. Robinson</u>, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil

8   rights complaint may not supply essential elements of the claim that were not initially pled.

9   <u>Ivey</u>, 673 F.2d at 268.

10        Plaintiff has raised numerous claims in each count.  For example, Count I, which is

11   seven pages long, purports to be a claim regarding threat to safety, but Plaintiff alleges

12   everything from overcrowding to failure to provide "small games such as checkers,

13   dominoes, and chess in each day room sufficient to permit Plaintiff access to reasonable and

14   meaningful recreational activities designed to stimulate and satisfy the physical and

15   psychological needs of Plaintiff."  The Amended Complaint is also filled with rhetoric, which

16   makes it difficult to review.

17        The allegations are not a short, plain statement of the claim; contain several

18   allegations of fact alleging merely *de minimis* harm – e.g. denial of television and small

19   games; appear to be an effort to enforce the Amended Judgment in <u>Hart v. Hill</u>, CV 77-0479-

20   PHX-EHC (D. Ariz.), which Plaintiff was previously advised that he may not do (Doc. #3);

21   and are often vague and conclusory because they do not clearly allege what happened to

22   Plaintiff himself.

23        Likewise, Count II , which is three pages long, purports to be about denial of medical

24   care, but Plaintiff never states precisely what medical care he sought, for what condition, and

25   how Defendant's conduct resulted in denial of specific care.  Instead, Plaintiff alleges a

26   failure to provide reasonable screening of each detainee "sufficient to identify and begin

27   segregation and treatment of those with mental or physical illness. . . .," failure to  provide

28   access to "medical services and facilities which meet the standards designated as essential

JDDL-K                                          - 4 -

by the National Commission on Correctional Health Care (NCCHC) Standards for Health Services in Jails," and failure to "provide a reasonable, meaningful monitoring system by which Plaintiff and other pretrial detainees may be assured that sick call requests are delivered to the responsible health care authority. . . ."

Plaintiff was previously advised of the requirements for stating a claim of denial of medical care (Doc. #3). Like the allegations in his original Complaint, these allegations do not state a claim for denial of medical care. Plaintiff fails to specify any medication or treatment that he needs, what treatment he sought, and what he did not receive. Moreover, the allegations appear to be an effort to enforce the Amended Judgment in <u>Hart,</u> which Plaintiff cannot do.

Finally, Count III, which is five pages long, also alleges a threat to safety. Plaintiff makes allegations such as " Defendant failed to provide reasonable, nutritional substitutions for pretrial detainees who are prohibited for medical or established religious beliefs from eating certain foods." It is unclear how this relates to a threat to safety, and nowhere in the Count does Plaintiff state that he had any religious or medical needs that required food substitution, or that he told anyone at the Jail about the needs, or how Defendant's conduct resulted in a denial. Count III also contains a claim regarding the failure to formulate an inmate grievance policy (see below). The allegations in Count III are not a short, plain statement of the claim; contain allegations of fact alleging different claims – e.g. overcrowding and special needs diets; appear to be an effort to enforce the Amended Judgment in <u>Hart</u>; and are often vague and conclusory because they do not clearly allege what happened to Plaintiff himself.

In its present form, the First Amended Complaint cannot be reviewed in any meaningful way by this Court as required by 28 U.S.C. § 1915A(a). Accordingly, Counts I, II, and III fail to state claims under § 1983 and will be dismissed.

### C.    Grievance Process

Plaintiff is advised that with regard to his claim for failure to formulate a meaningful grievance process, an inmate has no independent constitutional right to a grievance process.

1   In <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner

2   does not have a protected liberty interest in prison grievance procedures.  Without a liberty

3   interest, Plaintiff has no procedural due process rights at stake.  Accordingly, Plaintiff's

4   allegations regarding the alleged refusal of Defendant to establish a grievance procedure do

5   not state a claim under § 1983.

6               **D.     No Relief Available Under <u>Hart v. Hill</u>**

7          It appears to the Court that many of the alleged conditions and violations about which

8   Plaintiff complains are taken from the Amended Judgment of the class action <u>Hart v. Hill</u>.

9   As Plaintiff was previously advised (Doc. #3), injunctive relief sought in connection with the

10  rights enumerated in the Amended Judgment of <u>Hart</u> may only be sought or enforced within

11  the original case.  The Amended Judgment in the class action precludes Plaintiff from

12  seeking separate and individual injunctive relief.

13         Likewise, <u>Hart</u> provides no independent cause of action for monetary relief because

14  remedial orders alone cannot serve as a substantive basis for a § 1983 claim for damages;

15  such orders do not create "rights, privileges, or immunities secured by the Constitution and

16  laws."  <u>See</u> <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir. 1986).

17  **IV.    Leave to Amend**

18         For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

19  failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

20  submit a second amended complaint to cure the deficiencies outlined above and in the

21  Court's Order filed November 14, 2006 (Doc. #3).  The Clerk of Court will mail Plaintiff a

22  court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use

23  the court-approved form, the Court may strike the amended complaint and dismiss this action

24  without further notice to Plaintiff.

25         Plaintiff must clearly designate on the face of the document that it is the "Second

26  Amended Complaint."  The second amended complaint must be retyped or rewritten in its

27  entirety on the court-approved form and may not incorporate any part of the original or First

28  Amended Complaints by reference.

JDDL-K                                           - 6 -

A second amended complaint supersedes the original and first amended complaints. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original and first amended complaints as nonexistent.  See Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original or first amended complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff may include only one claim per count.  Any counts raising multiple claims will be dismissed.  Plaintiff must make short, plain statements of his claims.

**V.    Warnings**

      **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

      **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

      **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

      **D.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order and the Order filed November 14, 2006, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a

prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. #5) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 20th day of December, 2006.

*David G. Campbell*

_____
David G. Campbell
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)/Respondent(s)
>
>
>  _____
>  (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

    1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

    2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

    3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

    4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

    5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

    You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, <br> (Full Name of Plaintiff)    Plaintiff, <br><br> vs. <br><br> _____, <br> _____, <br> _____, <br> _____, <br> (Full Name of Each Defendant)   Defendant(s). <br> _____ | ) <br> ) <br> ) <br> ) <br> )  CASE NO. _____ <br> )          (To be supplied by the Clerk) <br> ) <br> ) <br> ) <br> )      **CIVIL RIGHTS COMPLAINT** <br> )          **BY A PRISONER** <br> ) <br> )  ☐ Original Complaint <br> )  ☐ First Amended Complaint <br> )  ☐ Second Amended Complaint |

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

   a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

   b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

   c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
   Present mailing address: _____.
   **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

   Institution/city where violation occurred: _____.

**550/555**

3. Name of first Defendant: _____. The first Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>                    <span>(Institution)</span>

   The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the first Defendant was acting under color of law: _____
   _____.

4. Name of second Defendant: _____. The second Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>                    <span>(Institution)</span>

   The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the second Defendant was acting under color of law: _____
   _____.

5. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>                    <span>(Institution)</span>

   The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the third Defendant was acting under color of law: _____
   _____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>                    <span>(Institution)</span>

   The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the fourth Defendant was acting under color of law: _____
   _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
   spaces provided below.

3. First prior lawsuit:
   a.  Parties to previous lawsuit:
       Plaintiff: _____.
       Defendants: _____
       _____.

2

     b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

     c.   Case or docket number: _____.

     d.   Claims raised: _____
_____
_____

     e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

     f.   Approximate date lawsuit was filed: _____.

     g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:
     a.   Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____
_____.

     b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

     c.   Case or docket number: _____.

     d.   Claims raised: _____
_____
_____.

     e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

     f.   Approximate date lawsuit was filed: _____.

     g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:
     a.   Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____
_____.

     b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

     c.   Case or docket number: _____.

     d.   Claims raised: _____
_____
_____.

     e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

     f.   Approximate date lawsuit was filed: _____.

     g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.     The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.     Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)  ☐ Mail          ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.     **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.     **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.     **Administrative Remedies:**
a.     Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                              ☐ Yes    ☐ No
b.     Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
c.     Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
d.     If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .


2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail           ☐ Access to the court      ☐ Medical care
      ☐ Disciplinary proceedings      ☐ Property       ☐ Exercise of religion     ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____ .


3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .


4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .


5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                              ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count II?  ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____

_____ .

**COUNT III**

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____ .

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail   ☐ Access to the court   ☐ Medical care
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____ .

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____ .

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____
_____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                          DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.